UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00070-RJC

| TENESHA LYNCH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| NANCY A. BERRYHILL, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Extension of Time for Service of Process (Doc. No. 3), Defendant's Motions for Extension of Time to Answer (Doc. Nos. 6, 8), and the Parties' Cross Motions for Summary Judgment (Doc. Nos. 11, 12). Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment and **REMANDS** this matter for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff Tenesha Lynch ("Lynch") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of her social security claim. Lynch filed her application for disability insurance benefits on April 27, 2015, with an alleged onset date of February 12, 2015. (Tr.[1] 20).

In denying Lynch's social security claim, the Administrative Law Judge (the "ALJ")

---

[1] Citations to "Tr." throughout the order refer to the administrative record at Doc. No. 10.

conducted a five-step sequential evaluation. (*Id.* at 22-29). At step one, the ALJ found that Lynch had not engaged in substantial gainful activity during the period of her alleged onset date through her date last insured. (*Id.* at 22). At step two, the ALJ found that Lynch had the following severe impairments: obesity, degenerative disc disease, arthritis, bilateral carpal tunnel, and radiculopathy and cubital tunnel syndrome. (*Id.* at 23). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.*). Before moving to step four, the ALJ found that, through the date last insured, Lynch had the residual functional capacity ("RFC") as follows:

> [T]he claimant had the residual function capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb, balance, stoop, kneel, crouch and crawl. She should avoid workplace hazards and must alternate between sitting and standing up to twice each hour. The claimant can frequently, but not continuously, use the bilateral upper extremities for pushing, pulling, operating hand controls, reaching in all directions including overhead as well as fine and gross manipulation. The claimant can follow short, simple instructions and perform routine tasks but no work requiring a production rate or demand pace. The claimant can sustain attention and concentration for 2 hours at a time but should avoid work environments dealing with crisis situations, complex decision making and constant changes in a routine setting.

(*Id.* at 24). At step four, the ALJ found that Lynch could not perform any past relevant work, but found at step five that Lynch could perform jobs that existed in significant numbers in the national economy, such as an electronics worker (7,500 jobs), laundry folder (110,000 jobs), and inspector/hand packager (80,000 jobs). (*Id.* at 28-29).

After exhausting her administrative remedies, Lynch brought the instant action for review of Defendant's decision denying her application for disability insurance benefits under Title II, of the Social Security Act. (Doc. No. 1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so

3

long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

Lynch argues the ALJ erred by improperly giving too little weight to the medical opinion evidence. (Doc. No. 11-1). In response, Defendant argues that the ALJ's decision was proper and supported by substantial evidence. (Doc. No. 13).

For claims filed before March 27, 2017, the regulations require ALJs to "always consider the medical opinions in your case" and to "evaluate every medical opinion" received. 20 C.F.R. § 404.1527(b)–(c). More weight is generally to be given to medical opinions from the claimant's treating sources. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 268 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). "Under the regulation's treating physician rule, controlling weight is to be accorded to 'a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s)' if that opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record.'" *Brown*, 873 F.3d at 256 (quoting 20 C.F.R. § 404.1527(c)(2)). "Thus, by negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). The ALJ must "give good reasons" for the weight given to a treating source's opinion. 20 C.F.R. §§ 404.1527(c)(2).

"When a treating source's medical opinion is not given controlling weight, [six] factors are utilized to determine what lesser weight should instead be accorded to the opinion." *Brown*, 873 F.3d at 256. The six factors that must be considered when determining "the weight the opinion should be afforded: (1) the '[l]ength of the treatment relationship and the frequency of

4

examination'; (2) the '[n]ature and extent of the treatment relationship'; (3) '[s]upportability,' i.e., the extent to which the treating physician 'presents relevant evidence to support [the] medical opinion'; (4) '[c]onsistency,' i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to 'issues related to his or her area of specialty'; and (6) any other factors raised by the parties 'which tend to support or contradict the medical opinion.'" *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 384-85 (4th Cir. 2021) (alteration in original) (quoting 20 C.F.R. § 404.1527(c)(2)(i)–(6)). More recently, the Fourth Circuit in *Dowling*, directed that is must "be apparent from the ALJ's decision that he meaningfully considered each of the factors before deciding how much weight to give the opinion." *Dowling*, 986 F.3d 377, 384-86 (remanding for "failing to acknowledge and apply each of these six factors"); *see also Triplett v. Saul*, 860 Fed. App'x 855, 865 (4th Cir. June 23, 2021) (remanding under *Dowling* for failing to properly consider section 404.1527(c)(2) factors).

Plaintiff argues the ALJ improperly gave little weight to the medical opinions of Dr. McGinnis, Dr. McCloskey, Dr. Lorch, and Dr. Ziewacz. As to the weight given to these medical opinions, the ALJ explained:

> I give little weight to the opinions of Drs. McCloskey, McGinnis, Lorch and Ziewacz because their opinions are vague, speculative and prone to the inherent limitation of the claimant's reports and the limited treatment records and observations.

Tr. 26.

Here, the ALJ did not discuss or acknowledge the factors set forth in 20 C.F.R. § 404.1527(c)(2) as instructed by *Dowling*. The ALJ's fleeting explanation as to why she gave little weight to the medical opinions of four different physicians that treated Lynch arguably, negligibly touched on the "supportability" factor and length and frequency factor. However, as to

supportability factor, the ALJ did not explain why the opinions are vague and speculative. Additionally, as to the length and frequency, the ALJ merely included a conclusory statement that there are limited treatment records and observations, but did not provide an analysis as to how or why that impacted the weight given to the opinions. Moreover, while the ALJ's explanation arguably touches on these factors, the ALJ did not actually mention or acknowledge the factors, or otherwise given any indication that she considered the necessary factors. "While an ALJ is not required to set forth a detailed factor-by-factor analysis in order to discount a medical opinion from a treating physician, it must nonetheless be apparent from the ALJ's decision that [the ALJ] meaningfully considered each of the factors before deciding how much weight to give the opinion." *Robles v. Saul*, No. 1:19-cv-03271-JMC, 2021 WL 1169028, at *4 (D. Md. Mar. 26, 2021) (quoting *Dowling*, 986 F.3d at 385) (remanding under *Dowling* for failing to consider each of the factors set forth in section 404.1527(c)(2)); *see e.g., Youngblood v. Kijakazi*, No. 3:20-CV-00630-GCM, 2021 WL 5456989, at *3 (W.D.N.C. Nov. 22, 2021) (same); *Cumbee v. Kijakazi*, No. 7:20-CV-59-FL, 2021 WL 4447625, at *4 (E.D.N.C. Sept. 28, 2021) (same); *Ford v. Kijakazi*, No. 5:20-CV-00061-KDB, 2021 WL 3744606, at *3 (W.D.N.C. Aug. 24, 2021) (same); *Hudson v. Saul*, No. 2:20-cv-00701-BHH-MGB, 2021 WL 2143582, at *6-7 (D.S.C. May 11, 2021) (same). Accordingly, the Court is unable to conclude that the ALJ's decision is supported by substantial evidence and remand is warranted for further consideration of this issue.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final

decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989)).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Extension of Time for Service of Process (Doc. No. 3) is **GRANTED**;

2. Defendant's Motions for Extension of Time to Answer (Doc. Nos. 6, 8) are **GRANTED**;

3. Plaintiff's Motion for Summary Judgment (Doc. No. 11), is **GRANTED**;

4. Defendant's Motion for Summary Judgment (Doc. No. 12) is **DENIED**; and

5. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: March 7, 2022

Robert J. Conrad, Jr.
United States District Judge